FILED
SUPERIOR COURT
OF GUAM

2018 JAN 25 PM 5: 06

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | **Superior Court Case No. CF0283-17** |
| vs. | **DECISION AND ORDER**<br>**re**<br>**MOTION TO DISMISS FOR LACK**<br>**OF PROBABLE CAUSE** |
| RAYMOND QUINTANILLA DUENAS,<br>Defendant. | |

Subsequent to the preliminary proceedings in this case, Defendant Raymond Quintanilla Duenas now moves to dismiss this prosecution for lack of probable cause.[1] Because this matter has proceeded beyond the first appearance, preliminary examination, and grand jury indictment, the Court finds that a dismissal based on probable cause is procedurally improper. The Court therefore DENIES Duenas' Motion to Dismiss for Lack of Probable Cause.

## I.  PROCEDURAL BACKGROUND

On May 19, 2017, the People filed a Magistrate's Complaint alleging that Duenas committed Possession of a Firearm Without an ID Card (as a Third Degree Felony). According to the Declaration attached to the Magistrate's Complaint, on or about May 17, 2017, the police responded to a disturbance involving gunshots in Santa Rita, and probable cause existed to charge Duenas with Possession of a Firearm Without an ID Card (as a Third Degree Felony).

---

[1] Assistant Public Defender Peter Sablan represents Duenas; Assistant Attorney General Sean Brown represents the People of Guam.

**ORIGINAL**

Also on May 19, 2017, Duenas appeared at a Magistrate's hearing and was advised of a Preliminary Hearing on June 8, 2017.

On June 5, 2017, the grand jury indicted Duenas with Possession of a Firearm Without an ID Card (as a Third Degree Felony). Duenas has since been arraigned and appeared before this Court for a Criminal Trial Setting, and two pretrial Status Hearings.

On the deadline for all motions, November 3, 2017, Duenas filed the present Motion to Dismiss for Lack of Probable Cause.

## II.  LAW AND DISCUSSION

Duenas asks that the Court dismiss this case due to lack of probable cause under 8 GCA § 45.80(b). That provision falls under 8 GCA Ch. 45, entitled "First Appearance: Preliminary Examination," and states: "If from the evidence it appears that there is no probable cause to believe that an offense has been committed or that the defendant committed it, the court shall dismiss the complaint and discharge the defendant. Such discharge shall not preclude the government from instituting a subsequent prosecution for the same offense." 8 GCA § 45.80(b). Subsection (b) follows subsection (a), which begins: "If from the evidence taken at the preliminary examination, it appears that there is probable cause to believe that an offense has been committed and that the defendant has committed it, the court shall hold the defendant to answer . . . ." 8 GCA § 45.80(a).

In analyzing a statutory provision, a court must examine the entirety of the statute to derive the provision's meaning. *People v. Lau*, 2007 Guam 4 ¶ 14 ("the court examines the language of the statute and the structure of the law as a whole including its object and policy"). The Court thus turns to the subject matter of Chapter 45. Chapter 45's context explicitly concerns the procedures when a person is first arrested and charged with a crime. For example,

## ORIGINAL

once arrested, a person must promptly appear before a judge. 8 GCA § 45.10. At or before that first appearance, if no determination has already been made by the court or a grand jury as to probable cause, the court shall consider the issue. 8 GCA § 45.20. If the court finds no probable cause to believe an offense has been committed or the defendant committed it, the court shall dismiss the complaint and discharge the defendant. 8 GCA § 45.20(b).

The statute then calls for a preliminary examination for felony cases unless otherwise waived. 8 GCA §§ 1.15, 1.17, 45.50. At the preliminary examination, the Court shall receive evidence to "determine whether there is probable cause to believe that an offense has been committed and that the defendant has committed it." 8 GCA §§ 45.50, 45.60. As noted previously, section 45.80 then engages two scenarios: in subsection (a), if the evidence supports probable cause, the Court shall hold the defendant to answer; under subsection (b), if there is no probable cause, the court shall dismiss the complaint and discharge the defendant.

While Duenas asks the Court to utilize section 45.80(b) to dismiss this case, the Court views Chapter 45, and the provisions thereunder, as dealing with first appearances and preliminary examinations. These proceedings have moved beyond the preliminary examination phase. In fact, the determination of probable, or reasonable, cause has been made at the first appearance and by the grand jury.

The Court finds no procedural defect which would mandate it to probe into a chapter of the Criminal Code dealing with first appearances and preliminary examinations. Once the Court determined probable cause for Duenas' arrest, he was brought before the Court for the First Appearance and advised of the preliminary examination. Once the grand jury found reasonable cause to charge him, he was then arraigned and allowed to enter a plea. Section 45.80(b)--again,

ORIGINAL

relating to dismissal upon a finding of no probable cause--became inapplicable once the grand jury handed down its Indictment.

Duenas cites to *People v. Rios*, 2008 Guam 22, as authority that the Court may dismiss a case beyond the First Appearance or Preliminary Examination. In *Rios*, the trial court dismissed without prejudice several charges "a few weeks" after the grand jury's indictment. *Id.* ¶ 2. The People appealed, then voluntarily dismissed its appeal, and then refiled the charges. *Id.* ¶¶ 3-4. The question before the Guam Supreme Court was whether the statute barred the filing of the second complaint. In its discussion of the trial court's dismissal of the first complaint, the court commented that "nothing in the record indicates what statutory authority the court relied upon in dismissing the indictment." *Id.* ¶ 11. The Supreme Court surmised that dismissal was supported by section 45.80(b), or even "as a matter of law." *Id.* This Court is not willing to extend *Rios* as holding that a court can apply section 45.80(b) to proceedings beyond a preliminary examination or a grand jury indictment. It is by no means a holding rendered in *Rios*, nor is there sufficient information about the procedural posture in *Rios* to derive such a holding.

Finally, the Court notes that Duenas raises section 45.80(b) as the basis for his dismissal request, and does not raise any other provision which may be used to attack a prosecution. *See, e.g.,* 8 GCA § 65.15 (listing types of dispositive motions). The Court will not address unbriefed arguments and confines its analysis to whether section 45.80(b) mandates dismissal. Having found 45.80(b) to be inapplicable to this phase of this proceeding, the Court must deny the Motion.

## III.   CONCLUSION AND ORDER

The Court DENIES Duenas' Motion to Dismiss, as the basis for the Motion--section 45.80(b)--is procedurally inapplicable.



ORIGINAL

The Court sets this matter for trial on April 19, 2018, at 9:00 a.m.


SO ORDERED this 25th day of January 2018.


HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

SERVICE

I acknowledge that a copy of the
original hereto was placed in the
court box of:
AG, PDSC

Date: 1/25/18  Time: 5:10

Deputy Clerk,          Court of Guam

ORIGINAL